JUDGE SWAIN   10 CV 8857

Martin F. Casey
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o
SOCIEDAD EXPORTADORA VERFRUT S.A.,

          Plaintiff,

    - against -

M/V PARANA, her engines, boilers, tackle,
furniture, apparel, etc *in rem*; COMPANIA SUD
AMERICANA DE VAPORES S.A., *in personam*,

          Defendants.
-----------------------------------------------------------X

2010 Civ.

**COMPLAINT**

RECEIVED NOV 23 2010

Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o SOCIEDAD EXPORTADORA VERFRUT S.A., by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, MUND & FESTER GMBH & CO. KG (hereinafter "M&F" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Trostbrücke 1, 20457 Hamburg, Germany and was the subrogated underwriter of a consignment of fresh grapes laden on board the M/V PARANA, as more specifically described below.

3. At all material times, SOCIEDAD EXPORTADORA VERFRUT S.A. (hereinafter "SEV") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Parcela 5 Santa Ines, Las Cabras, Chile and was the owner, shipper and/or assured of a consignment of fresh grapes laden on board the M/V PARANA, as more specifically described below.

4. At all material times, defendant, COMPANIA SUD AMERICANA DE VAPORES S.A. (hereinafter "CSAV") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 99 Wood Avenue South, 9th Floor, Iselin, New Jersey 08830, who owns, operates, manages and/or charters ocean-going vessels, including the M/V PARANA, that operates between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V PARANA, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant, M/V PARANA (hereinafter "vessel") was and still is a vessel operated as common carrier of goods in ocean transportation for hire and upon information and belief, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7. On or about February 17, 2010, a consignment, consisting of 7,776 cases of fresh grapes, then being in good order and condition, 4,320 of said cases laden into containers

numbered GESU924027-0 and CRLU113140-7, was delivered to the M/V PARANA and to the *in personam* defendant and/or their agents at the port of Valparaiso, Chile for transportation to Gloucester City, New Jersey and Philadelphia, Pennsylvania in consideration of an agreed upon freight, pursuant to CSAV bills of lading numbers CSVVPPPA4VS04, CSVVPPPA4FL11, CSVVPPPA4FL06 and with instructions to maintain a proper temperature during transit.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V PARANA, CSAV bills of lading numbers CSVVPPPA4VS04, CSVVPPPA4FL11, CSVVPPPA4FL06 were issued and the vessel sailed for its intended destination.

9. During the ocean voyage, the shipment was subjected to temperatures that were not within the instructions provided by the shipper all while in the care and custody of the defendants and/or its agents.

10. Upon discharge, and as a result of the foregoing, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had suffered physical damage during transit.

11. As a result of the damages sustained to the shipment, SEV sustained a loss.

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between SEV and M&F, which provided coverage for, among other things, loss or damage to the consignment.

14. Pursuant to the aforementioned contract of insurance between SEV and M&F, monies have been expended on behalf of SEV to the detriment of M&F due to the damages sustained during transit.

15. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendants.

16. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $17,785.00.

**WHEREFORE,** Plaintiff prays:

1. *In rem* service of process be issued against the M/V PARANA, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V PARANA her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants, COMPANIA SUD AMERICANA DE VAPORES S.A. and the M/V PARANA, be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs and;

    4.    That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
November 23, 2010
292-23

    CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: /s/ Martin F. Casey
Martin F. Casey
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225